IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| United States of America, | ) | |
|---|---|---|
| Plaintiff | ) ) ) | Case No: 18 C 50115 |
| v. | ) ) | |
| Robert Monroe Jordan, | ) ) | Judge Philip G. Reinhard |
| Defendant. | ) ) ) | |

### ORDER

For the reasons stated below, Robert Monroe Jordan's motion for relief pursuant to 28 U.S.C. § 1651 otherwise audita querela [1], taken by the court as a motion pursuant to 28 U.S.C. § 2255, is dismissed for want of jurisdiction. This matter is closed.

### STATEMENT-OPINION

Robert Monroe Jordan, a federal prisoner, has filed a motion seeking to have his sentence of 319 months incarceration vacated and be re-sentenced without a career offender designation. S*ee* [1]. On January 30, 2018, the Government filed a response to Jordan's motion. *See* [4]. Jordan filed a reply on February 26, 2018. *See* [6].

This is Jordan's second effort to have the court review his sentence for error. On October 26, 2015, Jordan filed a motion pursuant to 28 U.S.C. § 2255. *See* [1], case number 15 CV 50278.[1] In that motion, Jordan requested re-sentencing based on *Johnson v. United States*, 135 S.Ct. 2551 (2015), and *Price v. U.S.*, 795 F.3d 731 (7th Cir. 2015). On October 28, 2015, the court granted Jordan's request for counsel (appointing the Federal Defender) and further ordered counsel to show cause why Jordan's motion should not be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2255 cases. *See* [3], case number 15 CV 50278. The court specifically stated that upon its initial review of Jordan's motion, it did not appear Jordan was entitled to relief under § 2255 because (1) he waived the right to collaterally attack his sentence with a § 2255 motion pursuant to his plea agreement with the government, (2) the court's review of his criminal history revealed multiple prior convictions, and (3) it did not appear he was sentenced under the residual clause (found unconstitutional in *Johnson*). *Id*. On November 17, 2015, counsel for Jordan filed a "Response to Court Order and Request to Withdraw the Motion to Reduce Sentence." *Id*. at [6]. In his response, counsel acknowledged that Jordan's *pro se* motion was premised upon the Supreme Court's ruling in *Johnson* where the residual clause in 18 U.S.C. § 924(e)(2)(B) was declared void for vagueness and, therefore, sentencing under this clause violates due process. *Id*. Counsel advised the court that he reviewed appropriate documents contained in Jordan's criminal file, researched the issues, and reviewed applicable

---

[1] Jordan's statement in his current motion that he "has not filed any motions (post-conviction) collaterally attacking his conviction and/or sentence" ([1] at p. 2) is inaccurate.

1

statutes relating to Jordan's criminal history. Following this, Jordan requested that the motion be withdrawn. *Id*. The court construed Jordan's request as a motion to voluntarily withdraw the motion, which was granted and the case was closed. *Id*. at [7].

Over two years later, Jordan filed the instant *pro se* motion, captioned "Petitioner's Motion for Relief Pursuant to 28 U.S.C. § 1651 Otherwise Audita Querela" [1]. While much lengthier than his October 2015 motion, here, Jordan seeks the same relief – re-sentencing based on the directives of *Johnson* and its progeny. In its order of January 16, 2018, the court accepted Jordan's motion not as a "writ of audita querela," but as a motion pursuant to FED. R. CIV. P. 60 [7]. The court further directed the government to address whether Jordan's motion is, in fact, a successive § 2255 motion, despite its captioning. The government has provided the court with a lengthy response to Jordan's motion but has taken the position (at least according to footnote 3) that because the court granted Jordan's motion to voluntarily withdraw his § 2255 motion filed in case number 15 CV 50278, any subsequent § 2255 motion would not be successive. The court disagrees and finds Jordan's instant motion an improperly filed successive § 2255 motion for relief.

The first matter to be addressed is whether, despite the captioning, Jordan's current motion is, in fact, a motion pursuant to 28 U.S.C. § 2255. As the Seventh Circuit has noted:

> Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

*Melton v. U.S.*, 359 F.3d 855, 857 (7th Cir. 2004) (emphasis in original) (citations omitted). "It is the relief a prisoner seeks, not the caption on the motion, that determines whether it comes under § 2255." *Wurzinger v. U.S.*, 306 Fed. App'x. 303, 304 (7th Cir. 2009). *See also Gonzalez v. Crosby*, 545 U.S. 524 (2005) (motion purportedly under Rule 60(b) must be taken as one under § 2255 if it seeks a shorter term of incarceration). Substantively, Jordan argues his sentence is void and he must be re-sentenced based on the holding in *Johnson* and the Seventh Circuit's *U.S. v. Vivas-Ceja*, 808 F.3d 719 (7th Cir. 2015). While Jordan has fleshed out his arguments substantially (compared to his 2015 filing), he seeks the same relief for the same reason. A collateral attack on a prisoner's federal sentence is a motion brought pursuant to 28 U.S.C. § 2255. *See Jackson v. U.S.*, 463 F.3d 635 (7th Cir. 2006); *Bradley v. Wisconsin*, 278 Fed.App'x. 659 (7th Cir. 2008). Even if Jordan had brought his motion pursuant to Fed. R. Civ. P. 60(b), as originally suggested by the court, it still would be considered, substantively, a motion under § 2255. The court finds Jordan's current motion to be brought under § 2255.

Next, the court undertakes whether Jordan's motion is a "successive" § 2255. As noted above, Jordan's October 2015 motion pursuant to § 2255 was voluntarily withdrawn through Jordan's court appointed counsel. In addressing this issue, the Seventh Circuit has said: "The stringent limitations that the Antiterrorism and Effective Death Penalty Act places on the filing of a second or successive petition...under 28 U.S.C. § 2255 make it vital to determine whether a previous petition (or motion) was 'the real thing' that ought to subject the petitioner or movant to those limitations." *Potts v. United States*, 210 F.3d 770, 770 (7th Cir. 2000). In determining whether a voluntary withdrawal (of the first petition) is the "real thing," the distinction lies in whether the petitioner withdraws his petition before he has any reason to believe it will be denied, and in cases where the petitioner withdraws it because it has become clear to him that it is, in fact,

2

about to be denied ("He had his opportunity to receive a decision on the merits; he flinched, seeing the handwriting on the wall." *Id.* at 771). Here, it is clear that Jordan knew his (October 2015) § 2255 petition was about to be denied; therefore, he dismissed it. As noted above, in response to the court's order setting out the reasons why the court believed his petition was without merit (including, significantly, that the court did not believe Jordan's case was subject to the type of relief afforded in *Johnson*), Jordan, through his court appointed counsel, acknowledged as much and voluntarily withdrew his petition. Jordan's withdrawal is squarely the "real thing" – "an admission of defeat" which precludes him from presenting his claims in a second petition. *Felder v. McVicar*, 113 F.3d 696, 698 (7th Cir. 1997).

Because Jordan's current petition is, in fact, a petition brought under § 2255, he was required to obtain permission from the Seventh Circuit Court of Appeals "to launch this successive collateral attack." *U.S. v. Jones*, 553 Fed. App'x. 628, 629 (7th Cir. 2014). *See* Sections 105 and 106(b)(3) of the Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214, amending 28 U.S.C. § 2255; 28 U.S.C. § 2244(b)(3). "No matter how powerful a petitioner's showing, only [the Seventh Circuit] may authorize the commencement of a second or successive petition." *Nunez v. U.S.*, 96 F.3d 990, 991 (7th Cir. 1996). *See also Curry v. U.S.*, 507 F.3d 603 (7th Cir. 2007). Because Jordan has not obtained permission from the Seventh Circuit to bring this motion, this court has no choice but to dismiss it for want of jurisdiction.[2]

Date: 4/02/2018                                              ENTER:

*Philip G. Reinhard*
United States District Court Judge

Notices mailed by Judicial Staff. (LC)

---

[2] The court notes that other insurmountable hurdles would otherwise preclude relief, i.e. Jordan's waiver of appeal and Section 2255 rights contained in the plea agreement, and his filing of the present motion beyond the statutes of limitations set forth in both 28 U.S.C. § 2255(f)(1) and Fed. R. Civ. P. 60(b). Moreover, Jordan's main contention that his conviction for Count 2 (use of a firearm during a crime of violence) is void because armed bank robbery is not a crime of violence, is contrary to established precedent. *United States v. Williams*, 864 F.3d 826, 829 (7th Cir. 2017); *United States v. Armour*, 840 F.3d 904, 907 (7th Cir. 2016).